UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTWAN BAKER<br><br>　　　　Plaintiff,<br>　v.<br>DR. BENNETT, *et al.*,<br><br>　　　　Defendants. | Case No. 2:17-cv-01661-JCM-PAL<br><br>SCREENING ORDER |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 1). The matter of the filing fee shall be temporarily deferred. The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.　***IN FORMA PAUPERIS* APPLICATION**

Based on the financial information provided, the court grants plaintiff leave to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1).[1]

**II.　SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma*

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is not currently a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

1

*pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    SCREENING OF COMPLAINT

In the complaint, plaintiff sues Dr. Bennett and the City of Las Vegas, Nevada. (ECF No. 1-1 at 1). Plaintiff alleges one count and seeks monetary damages. (Id. at 4, 9).

Plaintiff alleges that, from July 14, 2016 to June 2, 2017, Dr. Bennett forcibly medicated him with Zyprexa, Depakote, and Risperdal even though plaintiff was not mentally ill and had been proven competent by several psychologists prior to July 14, 2016. (*Id.* at 3, 23, 28). Plaintiff alleges that the forced medication was medical malpractice.[2] (*Id.* at 4).

The Court construes plaintiff's allegations as a Fourteenth Amendment due process claim. In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227.

---

[2] Medical malpractice is a violation of state law, not a violation of federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

In addition, Nevada law requires a plaintiff who files a malpractice action to file with the action a supporting affidavit from a medical expert. Nev. Rev. Stat. Ann. § 41A.071. A court may not give leave to amend the complaint if a plaintiff does not file such an affidavit with the complaint. *Washoe Med. Ctr. v. Second Judicial Dist. Court,* 148 P.3d 790, 794 (2006) (en banc); *Borger v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 102 P.3d 600, 606 (2004) (holding that dismissal without leave to amend is mandatory when the plaintiff entirely fails to submit an affidavit pursuant to NRS 41A.071); *Walker v. Aranas*, No. 3:16-CV-00455-MMD-WGC, 2017 WL 4919235, at *3 (D. Nev. Oct. 31, 2017); *Bruins v. Osborn*, No. 2:15-CV-00324-APG-VCF, 2016 WL 8732299, at *5 (D. Nev. Feb. 5, 2016); *Pacheco v. Soon Kim*, No. 3:14-CV-00124-MMD, 2014 WL 5460869, at *1–4 (D. Nev. Oct. 27, 2014). Therefore, even if this court were to construe the allegations as a supplemental claim for medical malpractice, it would have to dismiss the claim without leave to amend. The court construes the allegations as a due process claim.

3

However, the Due Process Clause requires certain essential procedural protections to ensure that the decision to medicate an inmate against his will is neither arbitrary nor erroneous. *Id.* at 228, 236. Although a court would have to examine the procedures in this present case, the Supreme Court has held that notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses are sufficient procedures to meet the requirements of due process. *Id.* at 235.

In addition, municipalities such as the City of Las Vegas, may not be held liable under § 1983 unless action pursuant to municipal custom or policy caused a constitutional tort. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Id.*

Liberally construed, the complaint alleges that Dr. Bennett medicated plaintiff and that plaintiff was opposed to being medicated. However, plaintiff does not allege whether he ever was provided with an adversary hearing and given the right to present and cross-examine witnesses in order to determine whether the ongoing forced medication was permissible. The court therefore dismisses this claim without prejudice and with leave to amend.

In addition, plaintiff has not alleged facts that would show that the City of Las Vegas has a policy or custom of forcing people to be medicated and that plaintiff was medicated pursuant to such a policy. The court therefore dismisses without prejudice the due process claim against the City of Las Vegas.

If plaintiff chooses to amend the complaint, he should allege facts sufficient to show not only that he was medicated and that he expressed opposition to being medicated, but also that he was denied an adversary hearing and denied the right to present and cross-examine witnesses in order to determine whether the forced medication was permissible. In addition, if plaintiff wishes to pursue this action against the City of Las Vegas, he must allege *facts* sufficient to show that hit has a policy or custom of forcibly medicating people and that this led to plaintiff's forced medication.

4

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The court notes that, if plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall be dismissed with prejudice for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint (ECF No. 1-1) and send plaintiff a courtesy copy of the complaint.

IT IS FURTHER ORDERED that the entire complaint (ECF No. 1-1) is dismissed without prejudice, with leave to amend.

IT IS FURTHER ORDERED that, if plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the clerk of the court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed with prejudice for failure to state a claim.

DATED May 16, 2018.

_____
UNITED STATES DISTRICT JUDGE