UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTWAN KEVIN BAKER,

        Plaintiff,

  v.

DR. BENNETT, *et al.,*

        Defendants.

Case No. 2:17-cv-01661-JCM-PAL

ORDER

## I. DISCUSSION

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former inmate. On May 16, 2016, the court issued an order dismissing the complaint with leave to amend and directed plaintiff to file an amended complaint within thirty days. (ECF No. 5 at 5, 6). The thirty-day period has now expired. Plaintiff has not filed an amended complaint. Instead, he has filed a document that the court construes as a motion for reconsideration.[1] (ECF No. 7.) The court now considers the motion for reconsideration and plaintiff's failure to amend the complaint.

### A. Motion for Reconsideration

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to

---

[1] It is unclear whether Plaintiff wishes to file a notice of appeal. The Court does not construe this document as a notice of appeal. If Plaintiff wishes to appeal, he must file a notice of appeal in a different document.

persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court finds no grounds to reconsider its screening order. Accordingly, the motion for reconsideration is denied.

### B. Failure to File Amended Complaint

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER ORDERED that, if plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed with prejudice for failure to state a claim." (ECF No. 5 at 6). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty days. Accordingly, the court will dismiss this action with prejudice based on plaintiff's failure to file an amended complaint in compliance with this Court's May 16, 2018 order and for failure to state a claim.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for reconsideration (ECF No. 7) is denied.

IT IS FURTHER ORDERED that this action is dismissed with prejudice based on plaintiff's failure to file an amended complaint in compliance with this Court's May 16, 2018 order and for failure to state a claim.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment

1 | accordingly.
2 |
3 | DATED June 28, 2018.
4 |
5 | _____
  | UNITED STATES DISTRICT JUDGE